DISTRICT ATTORNEYS — EMPLOYEES — MERIT SYSTEM LEAVE REGULATIONS Pursuant to 19 O.S. 215.14 [19-215.14] (1975), employees of the District Attorney are subject to leave regulations of the Oklahoma Merit System as of April 1, 1976. People employed by the District Attorney before April 1, 1976, accrued leave under two different provisions of law, depending on the time of their service. Persons employed by the District Attorney between April 15, 1968, and April 1, 1976, would accrue leave pursuant to 74 O.S. 708 [74-708] (1971). Persons employed by the District Attorney prior to April 15, 1968, may be entitled to payment for a reasonable amount of accrued leave under a formal personnel policy recognizing such compensation or pursuant to the express or implied provisions of the contract of employment. If the right to payment for accrued leave is based on an implied agreement, the employee must overcome a presumption against such right and no unused vacation time may be accumulated from prior years. Where the right of an employee to payment for accrued leave is established, such compensation should be recognized notwithstanding a statutorily set salary or salary range. The District Attorney designates what office holidays are observed by his employees. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Are employees of District Attorneys subject to leave regulations of the Oklahoma State Merit System? 2. Who designates holidays observed by employees of the District Attorney ? Title 74 O.S. 803 [74-803] (1976) was amended by the 1976 legislature to provide in pertinent part: "Offices and positions in the unclassified service are in no way subject to any of the provisions of this act or of the rules and regulations promulgated hereunder by the State Personnel Board except leave regulations promulgated under the provisions of 74 O.S. 805 [74-805] of this act. No person chosen by election or appointment to fill an elective office shall be subject to any leave plan or regulation, nor shall such person be eligible for accrual of any leave benefits." (Emphasis added) This amendment clearly makes only the Merit System leave regulations applicable to non-elected state employees who are not under the Merit System. It reflects a legislative intent to make leave regulations uniform for all state employees. The status of employees of District Attorneys is set forth at 19 O.S. 215.14 [19-215.14] (1975), which provides in pertinent part: "For all payroll purposes, all appointees and employees of District Attorneys shall be deemed to be state officers or employees as the case may be." (Emphasis added) "All payroll purposes" as used in this section would include all things incident to a salary. Attorney General Opinion No. 75-228 quoted with approval from Local Union No. 186, United Packing House Food and Alliance Workers v. Armour and Company, 446 F.2d 610
(6th Cir. 1971), to wit: "Many tribunals have the view that vacation pay is simply an alternate form of wages, earned at the time of other wages, but whose receipt is delayed. So imminent a jurist as Judge Learned Hand declared, in 1940, that 'A vacation with pay is in effect additional wages. It involves a reasonable arrangement to secure the well-being of the employees and the continuance of harmonious relations between employer and employee. The consideration for the contract to pay for a weeks vacation had been furnished, that is to say, one year service had been rendered prior to June 1, so that the weeks vacation with pay was completely earned and only the time of receiving was postponed. In re Wil-Low Cafeterias Inc.,111 F.2d 429, 432 (2nd Cir. 1940)." The employees in question are state employees for "all payroll purposes". Because leave is a part and parcel of payroll, the employees are subject to Merit System rules for leave since the enactment of Senate Bill 586 on April 1, 1976. People employed by the District Attorney before April 1, 1976, accrued leave under two different provisions of law, depending on their time of service. 19 O.S. 215.14 [19-215.14] was amended effective April 15, 1968, to provide: "For all payroll purposes, all appointees and employees of District Attorneys shall be deemed to be state officers or employees as the case may be." This statute did not place the employees of District Attorneys under the Merit System. However, it did place said employees under the Salary Administration Act, 74 O.S. 701 [74-701] et seq. (1971). Attorney General Opinion No. 75-228 provided that: "Employees classified under Chapter 24 of Title 74 who are not classified employees under the Merit System Act are entitled to payment for accrued annual leave pursuant to 74 O.S. 708 [74-708] (1971)." Title 74 O.S. 708 [74-708] (1971) provides: "Each State agency shall develop and maintain a formal plan for vacation and sick leave for all regular employees in the classified service. Such plans shall be filed with the Board for their review and approval. The leave plans shall be in conformity with the following provisions: "(a) Each vacation leave plan shall provide for employees to earn vacation leave at the rate of one and one-fourth (1 1/4) days for each calendar month of service and shall allow them to accumulate such leave up to a maximum of fifteen (15) days. "(b) Vacation leave shall be taken at the convenience of the State agency. "(c) An employee separating from a State agency shall be paid for any unused vacation leave to his credit at the time of separation. "(d) Each sick leave plan shall provide for employees to earn sick leave at the rate of one and one-fourth (1 1/4) days for each calendar month of service and shall allow them to accumulate such leave up to a maximum of forty-five (45) days." Therefore, people employed by the District Attorney between April 15, 1968, and April 1, 1976, accrued leave pursuant to 74 O.S. 708 [74-708]. Persons employed by the District Attorney prior to April 15, 1968, did not fall under any statute making them state employees for payroll purposes. Therefore, they would fall under the general law that applies to all public employees, and that was set forth in Attorney General Opinion No. 75-228. Employees who worked for a District Attorney prior to April 15, 1968, may be entitled to payment for a reasonable amount of accrued leave under a formal personnel policy recognizing such compensation, or pursuant to the express or implied provisions of the contract of employment. If the right to payment for accrued leave is based on an implied agreement, the employee must overcome a presumption against such right and no unused vacation time may be accumulated from prior years. Where the right of an employee to payment for accrued leave is established, such compensation should be recognized notwithstanding a statutorily set salary or salary range. Regarding your second question, office holidays for employees are normally set by an employer. In your question, the District Attorney retains his position as employer, said employees are only state employees for payroll purposes and no other purpose. In all other matters the District Attorney has discretionary control over his employees, including the designation of office holidays to be observed. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Pursuant to 19 O.S. 215.14 [19-215.14] (1975), employees of the District Attorney are subject to leave regulations of the Oklahoma Merit System as of April 1, 1976. People employed by the District Attorney before April 1, 1976, accrued leave under two different provisions of law, depending on the time of their service. Persons employed by the District Attorney between April 15, 1968, and April 1, 1976, would accrue leave pursuant to 74 O.S. 708 [74-708] (1971). Persons employed by the District Attorney prior to April 15, 1968, may be entitled to payment for a reasonable amount of accrued leave under a formal personnel policy recognizing such compensation or pursuant to the express or implied provisions of the contract of employment. If the right to payment for accrued leave is based on an implied agreement, the employee must overcome a presumption against such right and no unused vacation time may be accumulated from prior years. Where the right of an employee to payment for accrued leave is established, such compensation should be recognized notwithstanding a statutorily set salary or salary range. The District Attorney designates what office holidays are observed by his employees. (DANIEL J. GAMINO) (ksg)